Henry G. Smith, J.,
delivered the opinion -of the Court.
Davis Briggs was executor of the will of James 'Briggs. By virtue of power given by the will, Davis Briggs sold and conveyed land, the property of the testator at the time of his death, to certain persons, *503 and, for tbe purchase money, took the notes of the purchasers in terms, to “Davis Biggs, as executor.”a
Davis Biggs died, and E. A. Tyler became his administrator. The notes came to the hands of Tyler, and he caused action to be brought on them against the makers, and employed attorneys-at-law, for the purpose. Pending those actions, J. H. Abingdon was appointed administrator de bonis non, etc., of James Biggs, and demanded the notes from Tyler, and instituted proceedings in equity to obtain possession and control of the notes and actions.
The only question submitted for our decision now,is, whether Tyler is entitled to charge against Abing-don and upon the notes, the fees of the attorneys who; were employed to conduct the actions on the notes.
The notes were assets of the estate of James Biggs; and upon the death of his executor, and the appointment of the administrator, de bonis non, properly passed to the latter.
Real estate of the decedent is assets for the satisfaction of his debts; not liable, however, unless in case of insolvent administration, until prior exhaustion of the personalty: Code, sec. 2252; 1 Parsons on Bills, etc., 157;1 Vernon, 473; 1 B. & C., 150; 2 Redf. on Wills, 192; 2 Swan, 127.
Some diversity of opinion exists, whether notes of the present kind are assets of the original decedent, and pass to the administrator, de bonis own, upon the death of the executor of such decedent; or whether such notes are assets of the estate of the executor in his individual capacity, and upon his death, pass to his per *504 sonal [representative, subject to account, etc.; and further, whether action at law on such notes, is maintainable by the representative of the decedent executor, or by the representative of the decedent testator, upon the death of such last mentioned decedent.
The modern and prevalent opinion is, that notes of the kind, are assets of the original decedent, and pass to, and are suable by the administrator de bonis non: 1 Pars. Bills, etc., 155; 2 Swan, 127.
However this may be, action may likewise be maintained at law, upon notes of the present kind and form, by the original representative in his representative character, and upon his death, by his personal representative: 1 Pars. Bills, 157; 1 Vern., 473; 2 Redf. on Wills, 192; 1 B. & C., 150.
Taking this to be so, Tyler had the power to maintain action at law as administrator of Davis Biggs upon the notes; and nothing has been shown, giving reason to suppose that his causing actions to be brought, was improper. On the other hand, reasons are readily sup-posable, which would make such actions altogether proper.
Therefore, under the circumstances, Tyler is not to be considered an executor in his own wrong, and as such, excluded from compensation for moneys paid, or to be paid by him to the attorneys who were employed to conduct the actions.
To this extent, the decree of the Chancellor will be modified.
The complainant will pay the costs of the appeal; the defendant will pay the residue.